1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MORIANO MILLARE,                         No.  2:20-cv-2072 KJM AC

12              Plaintiff,

13        v.                                  ORDER

14   M. STARR, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19        I.        Application to Proceed In Forma Pauperis

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                              1

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2    § 1915(b)(2).

3         II.        Statutory Screening of Prisoner Complaints

4         The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16   Franklin, 745 F.2d at 1227-28 (citations omitted).

17        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

27   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28   cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1    R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3    relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4    Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

5    content that allows the court to draw the reasonable inference that the defendant is liable for the

6    misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

7    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8    Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9    pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11        III.    Complaint

12        The complaint names eleven defendants, all of whom are officials or employees of Duel

13   Vocational Institution (DVI). Plaintiff is mobility impaired, and his claims arise from the alleged

14   failure of DVI officials and staff to provide accommodations when plaintiff's college classes were

15   moved to locations that were not reasonably accessible to him. Plaintiff alleges that his requests

16   for accommodation and access were wrongfully denied or obstructed. ECF No. 1 at 14-24.

17   Claim One is brought under the Americans with Disabilities Act against M. Starr, Associate

18   Warden; K. Kesterson, Deputy Warden; KJ Allen, Appeal Examiner; and L. Fernando, Appeals

19   Analyst. Id. at 25-26. Claim Two alleges that defendants Starr, KD Johnson, Kelly Conner Hall

20   and J. Fisher retaliated against plaintiff for seeking accommodations and filing appeals, by

21   recommending his transfer to another institutional on a pretextual basis. Id. at 27-28. Claim

22   Three alleges that plaintiff's First Amendment "right to advance litigation" was violated by

23   defendants J. Flores, E. Casillas, L. Fernando, A. Ortega Shafer and L. Bird, each of whom

24   denied, refused to process, or interfered with plaintiff's various requests for accommodation or

25   inmate appeals related to the accessibility of college classes. Id. at 29-31. Claim Four alleges

26   that defendants J. Flores, L. Bird, E. Casillas, L. Fernando and A. Ortega Shafer violate plaintiff's

27   right to equal protection by discriminating against him when they denied, refused to process, or

28   interfered with his requests for accommodation or inmate appeals. Id. at 32-34.

1    IV.    Claims for Which a Response Will Be Required

2        A. Claim One

3        Title II of the Americans With Disabilities Act (ADA) prohibits a public entity from

4    discriminating against a qualified individual with a disability, 42 U.S.C. § 12131 et seq.  State

5    prisons are public entities subject to the ADA.  Lee v. City of Los Angeles, 250 F.3d 668, 691

6    (9th Cir. 2001); Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 209 (1998)).  To

7    state a claim of disability discrimination under Title II of the ADA, a plaintiff must plausibly

8    allege that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or

9    receive the benefit of some public entity's services, programs, or activities; (3) he was either

10   excluded from participation in or denied the benefits of the public entity's services, programs, or

11   activities, or was otherwise discriminated against by the public entity; and (4) such exclusion,

12   denial of benefits, or discrimination was by reason of [his] disability.  McGary v. City of

13   Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).  To recover monetary damages a plaintiff must

14   prove intentional discrimination, which can be shown by deliberate indifference.  Duvall v.

15   County of Kitsap, 260 F.3d 1124, 1138, 1139 (9th Cir. 2001).

16       For purposes of screening, the facts alleged in support of Claim One state a claim for

17   relief under the ADA.  The complaint alleges facts demonstrating that plaintiff has a disability,

18   was qualified to participate in the specified educational programs, and was excluded from

19   continuing his participation by access barriers of which defendants were aware.  The complaint

20   alleges facts sufficient to show deliberate indifference by prison staff to plaintiff's right of access.

21       However, the only appropriate defendant on Claim One is the is the public entity

22   responsible for the alleged discrimination.  United States v. Georgia, 546 U.S. 151, 153 (2010).

23   Because a suit against an individual in his official capacity is the equivalent of a suit against

24   entity, Becker v. Oregon, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001), Claim One may proceed

25   against defendant Starr, Associate Warden and ADA Coordinator, in his official capacity only.

26   V.    Failure to State a Claim

27       A. Claim One

28       The only proper defendant on Claim One is the prison, see U.S. v. Georgia, supra, and

4

1 plaintiff may proceed against the prison by proceeding against defendant Starr in his official

2 capacity.  The other defendants named in Claim One, to the extent they are sued in their official

3 capacities, are therefore superfluous.  None of the defendants, including Starr, may be sued in

4 their individual capacities under the ADA.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.

5 2002); Garcia v. State Univ. of N.Y. Health Sciences Center, 280 F.3d 98, 107 (2d Cir. 2001)

6 ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual

7 capacity suits against state officials." (citations omitted)).

8   B.  Claim Two

9   Claim Two alleges retaliatory transfer.  "Within the prison context, a viable claim of First

10 Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

11 adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

12 such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

13 not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-

14 68 (9th Cir. 2005) (fn. and citations omitted).  Although the complaint alleges that plaintiff

15 engaged in protected conduct (complaints and appeals about the access issues identified in Claim

16 One), and that certain named defendants subsequently arranged for plaintiff's transfer to a prison

17 other than one which satisfied plaintiff's requests, the allegations do not demonstrate that the

18 transfer rose to the level of an "adverse action," was unjustified by legitimate penological goals,

19 or was improperly motivated by an intent to chill plaintiff's speech or punish him for his 602s and

20 other advocacy regarding accessibility.  Accordingly, plaintiff has not stated a claim for

21 retaliation in violation of his First Amendment rights.

22   C.  Claim Three

23   Claim Three alleges interference with an asserted First Amendment "right to advance

24 litigation."  The right to access the courts, including the ability to litigate, is protected by the First

25 Amendment.  See Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (prisoners have

26 constitutional right litigate their cases to conclusion without active interference by prison

27 officials.)  This right applies to inmates' claims challenging their sentences or the conditions of

28 their confinement.  Id.  To state a cognizable denial of access claim, a prisoner must allege that

1    defendant's challenged conduct resulted in "actual injury" to plaintiff involving a "nonfrivolous

2    legal claim." Lewis v. Casey, 518 U.S. 343, 349-55 (1996).  "Actual injury" includes "actual

3    prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing

4    deadline or to present a claim." Id. at 348.  See also Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir.

5    1994) (plaintiff must allege that he "could not present a claim to the courts because of the state's

6    failure to fulfill its constitutional obligations").

7           Plaintiff's claim is based not on interference with ongoing or intended litigation, but with

8    alleged mishandling of plaintiff's inmate appeals.  The court recognizes that administrative

9    remedies are a required precursor to litigation, see Jones v. Bock, 549 U.S. 199, 211 (2007), but

10   they do not themselves constitute litigation and they do not involve the court.  Denial of a 602

11   therefore does not itself support an access to court claim.[1]  In any case, plaintiff has not alleged

12   inability to meet a court deadline or to present a claim as the result of defendant's actions, and has

13   in fact presented his claims in the instant complaint.  He thus has failed to demonstrate the actual

14   injury that is an essential element of an access to court claim.  The denial, refusal to process, or

15   mishandling of inmate grievances does not violate an inmate's other constitutional rights or

16   support a free-standing claim under § 1983.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.

17   2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Buckley v. Barlow, 997 F.2d

18   494, 495 (8th Cir. 1993).

19          D.  Claim Four

20          Claim Four alleges violation of plaintiff's equal protection rights.  The Equal Protection

21   Clause requires the State to treat all similarly situated people equally.  City of Cleburne v.

22   Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  "To state a claim for violation of the Equal

23   Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to

24   discriminate against him based upon his membership in a protected class."  Serrano v. Francis,

25   345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

26

27   [1] If the wrongful denial of a 602 results in the practical unavailability of administrative remedies, the exhaustion requirement can be excused. Ross v. Blake, 136 S. Ct. 1850, 1858 (2016).  In that

28   case there is no impairment of the ability to bring a lawsuit and thus no access to court claim.

6

1    1998)).  Plaintiff has not alleged he is a member of a protected class.  He cannot do so, as "[t]he

2    physically disabled are not a protected class for purposes of equal protection under the Fourteenth

3    Amendment."  Gamble v. City of Escondido, 104 F.3d 300, 307 (9th Cir. 1997) (citing City of

4    Cleburne, 473 U.S. at 446).

5        To the extent that he intends to rely on a "class of one" theory, ECF No. 1 at 32:15,

6    plaintiff must allege facts showing "that [he] has been intentionally treated differently from others

7    similarly situated and that there is no rational basis for the difference in treatment."  Village of

8    Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  "Similarly situated" persons are those "who

9    are in all relevant respects alike."  Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).  Plaintiff has made

10   only vague and conclusory allegations that he was treated differently than other similarly situated

11   individuals, and has not alleged the absence of a rational basis for treating him differently.  ECF

12   No. 1 at 32-34.  Without facts showing that other individuals who were in all relevant respects

13   like plaintiff were treated differently, without a rational basis, the complaint does not state a claim

14   for relief on equal protection grounds.

15       VI.    Leave to Amend

16       For the reasons set forth above, the court finds that the complaint does not state

17   cognizable claims for retaliation, denial of access to courts, or denial of equal protection.

18   However, it is possible that plaintiff may be able to allege facts to remedy this and he will be

19   given the opportunity to amend the complaint if he desires.

20       Plaintiff may proceed forthwith to serve the defendant Warden of DVI, in his official

21   capacity only, on Claim One (Americans With Disabilities Act), or he may delay serving any

22   defendant and amend the complaint.

23       Plaintiff will be required to complete and return the attached notice advising the court how

24   he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

25   file an amended complaint.  If plaintiff elects to proceed on his ADA claim against the Warden of

26   DVI in his official capacity only, without amending the complaint, the court will proceed to serve

27   the complaint.  A decision to go forward without amending the complaint will be considered a

28   voluntarily dismissal without prejudice of Claims Two, Three and Four, and all defendants other

1    than the Warden in his official capacity.

2         If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

3    about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

4    423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

5    defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

6    There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

7    connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

8    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

9    participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

10   268 (9th Cir. 1982) (citations omitted).

11        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

12   his amended complaint complete.  Local Rule 220 requires that an amended complaint be

13   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

14   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

15   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

16   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

17   in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

18   the original complaint no longer serves any function in the case.  Therefore, in an amended

19   complaint, as in an original complaint, each claim and the involvement of each defendant must be

20   sufficiently alleged.

21        VII.    Plain Language Summary of this Order for a Pro Se Litigant

22        Your request to proceed in forma pauperis is granted and you are not required to pay the

23   entire filing fee immediately.

24        Some of the allegations in the complaint state claims and some do not.  You may proceed

25   on your ADA claim (Claim One), but only against the DVI Warden in his official capacity.  The

26   ADA does not provide for individual capacity claims, and damages may be had only from the

27   prison itself via the Warden in his official capacity.

28        Claim Two is not suitable to proceed because you have not alleged facts showing that

1   your transfer was motivated by retaliatory intent, or amounted to an adverse action at all.  Claim

2   Three is not suitable to proceed because your "right to advance litigation" is limited to a right to

3   access the courts.  You do not allege interference with your right to access the court, and

4   interference with the inmate appeals process does not support a § 1983 claim.  Claim Four is not

5   suitable to proceed because you have not presented facts showing that other inmates who were

6   similarly situated to you were treated more favorably than you without any rational basis.

7          You have a choice to make.  You may either (1) proceed immediately on your ADA claim

8   against the Warden of DVI in his official capacity only, and voluntarily dismiss the other claims

9   and defendants, or (2) try to amend the complaint.  If you want to go forward without amending

10  the complaint, you will be voluntarily dismissing without prejudice Claims Two, Three and Four,

11  and all defendants other than the Warden in his official capacity.  If you choose to amend your

12  complaint, the amended complaint must include all of the claims you want to make, including the

13  ones that have already been found to state a claim, because the court will not look at the claims or

14  information in the original complaint.  **Any claims not in the amended complaint will not be**

15  **considered.**  You must complete the attached notification showing what you want to do and

16  return it to the court.  Once the court receives the notice, it will issue an order telling you what

17  you need to do next (i.e. file an amended complaint or wait for defendants to be served).

18                                              CONCLUSION

19         In accordance with the above, IT IS HEREBY ORDERED that:

20         1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

21         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

22  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

23  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

24  Director of the California Department of Corrections and Rehabilitation filed concurrently

25  herewith.

26         3.  Plaintiff's Claims Two, Three and Four do not state claims for which relief can be

27  granted, and Claim One lies only against the Warden of DVI in his official capacity.

28         4.  Plaintiff has the option to proceed immediately on his ADA claim (Claim One) against

1  the Warden of DVI in his official capacity, as set forth in Section IV above, or to amend the

2  complaint.

3       5.  Within fourteen days of service of this order, plaintiff shall complete and return the

4  attached form notifying the court whether he wants to proceed on the screened complaint or

5  whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court

6  will assume that he is choosing to proceed on the complaint as screened and will recommend

7  dismissal without prejudice of Claims Two, Three and Four and all defendants other than the

8  Warden of DVI in his official capacity.

9       6.  Plaintiff's motion for assignment of a successor judge, ECF No. 6, which complains

10  about the pendency of the IFP application and delay in screening the complaint, is DENIED as

11  moot.

12       7.  Plaintiff's motion for a screening order, ECF No. 8, is GRANTED and the complaint

13  has been screened.

14  DATED: December 20, 2021

15

16  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MORIANO MILLARE,                            No.  2:20-cv-2072 KJM AC

12                 Plaintiff,

13       v.                                      PLAINTIFF'S NOTICE ON HOW TO
                                                 PROCEED
14   M. STARR, et al.,

15                 Defendants.

16

17       Check one:

18   _____  Plaintiff wants to proceed immediately on Claim One (Americans with Disabilities Act)

19       against the present Warden of DVI in his official capacity only, without amending the

20       complaint.  Plaintiff understands that by going forward without amending the complaint

21       he is voluntarily dismissing without prejudice Claims Two, Three and Four and all

22       defendants other than the Warden in his official capacity.

23

24   _____  Plaintiff wants to amend the complaint.

25

26   DATED:_____

27                                               _____
                                                 MORIANO MILLARE
28                                               Plaintiff pro se

                                                 1