1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MORIANO MILLARE,                                No.  2:20-cv-2072 KJM AC

12                      Plaintiff,

13          v.                                        FINDINGS AND RECOMMENDATIONS

14   M. STARR, et al.,

15                      Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to

18   42 U.S.C. § 1983 and has filed a First Amended Complaint.  ECF No. 15.  Plaintiff's original

19   complaint was screened, ECF No. 10, and plaintiff elected to amend rather than proceed on the

20   one claim that the undersigned found suitable for service, ECF No. 13.

21          I.      Statutory Screening of Prisoner Complaints

22          The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

26   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

27          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

2

II.    The First Amended Complaint

The First Amended Complaint (FAC) names eleven defendants, all of whom are officials or employees of Duel Vocational Institution (DVI).  Plaintiff is mobility impaired, and his claims arise from the alleged failure of DVI officials and staff to provide accommodations when plaintiff's college classes were held in locations that were not reasonably accessible to him due to the number of steps.  Plaintiff alleges that his requests for accommodation and access were wrongfully denied or obstructed.  ECF No. 15 at 7-9.  After plaintiff sought legal help, he had textbooks confiscated and was transferred out of DVI.  Id. at 10-13.

Claim One is brought under the Americans with Disabilities Act against defendants M. Starr, the Associate Warden and ADA Coordinator; L. Fernando; K. Kesterson; KJ Allen; and J. Flores.  Id. at 14-15; see also id. at 2-4.  Claim Two alleges that defendants Starr and KD Johnson retaliated against plaintiff for seeking accommodations and filing appeals, by recommending his transfer to another institutional on a pretextual basis.  Id. at 16-17.  Claim Three alleges that defendants J. Flores, L. Bird, E. Casillas, L. Fernando and A. Ortega Shafer violate plaintiff's right to equal protection by discriminating against him when they denied, refused to process, or interfered with his requests for accommodation or inmate appeals.  Id. at 18-20.

III.    Claims for Which a Response Will Be Required

A.  Claim One: Americans with Disabilities Act

Title II of the Americans with Disabilities Act (ADA) prohibits a public entity from discriminating against a qualified individual with a disability, 42 U.S.C. § 12131 et seq.  State prisons are public entities subject to the ADA.  Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001); Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 209 (1998)).  To state a claim of disability discrimination under Title II of the ADA, a plaintiff must plausibly allege that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.  McGary v. City of

3

1   Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).  To recover monetary damages a plaintiff must

2   prove intentional discrimination, which can be shown by deliberate indifference.  Duvall v.

3   County of Kitsap, 260 F.3d 1124, 1138, 1139 (9th Cir. 2001).

4        For purposes of screening, the facts alleged in support of Claim One state a claim for

5   relief under the ADA.  The complaint alleges facts demonstrating that plaintiff has a disability,

6   was qualified to participate in the specified educational programs, and was excluded from

7   continuing his participation by access barriers of which defendants were aware.  The complaint

8   alleges facts sufficient to show deliberate indifference by prison staff to plaintiff's right of access.

9        However, the only appropriate defendant on Claim One is the is the public entity

10  responsible for the alleged discrimination.  United States v. Georgia, 546 U.S. 151, 153 (2010).

11  Because a suit against an individual in his official capacity is the equivalent of a suit against

12  entity, Becker v. Oregon, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001), Claim One may proceed

13  against defendant Starr, Associate Warden and ADA Coordinator, in his official capacity only.

14    IV.    Failure to State a Claim

15        A.  Claim One: Americans with Disabilities Act

16        The only proper defendant on Claim One is the prison, see United States v. Georgia,

17  supra, and plaintiff may proceed against the prison by proceeding against defendant Starr in his

18  official capacity.  The other defendants named in Claim One, to the extent they are sued in their

19  official capacities, are therefore superfluous.  None of the defendants, including Starr, may be

20  sued in their individual capacities under the ADA.  See Lovell v. Chandler, 303 F.3d 1039, 1052

21  (9th Cir. 2002); Garcia v. State Univ. of N.Y. Health Sciences Center, 280 F.3d 98, 107 (2d Cir.

22  2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual

23  capacity suits against state officials." (citations omitted)).

24        Plaintiff was informed of these limitations on his ADA claim in a prior screening order,

25  ECF No. 10, but has reasserted the claim against numerous officials in their official and personal

26  capacities.  Although the conduct of any of these individuals—including conduct reflecting

27  intentional discrimination against plaintiff or deliberate indifference to his need for

28  accommodation—may be relevant to the claim, liability is limited to the institution.  The claim

should therefore proceed against Starr in his official capacity only.  All other defendants should be dismissed.

B.  Claim Two: First Amendment Retaliation

Claim Two alleges retaliatory transfer.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).  Although the complaint alleges that plaintiff engaged in protected conduct (complaints and appeals about the access issues identified in Claim One), and that certain named defendants subsequently arranged for plaintiff's transfer to a prison other than one which satisfied plaintiff's requests, the allegations do not demonstrate that the transfer rose to the level of an "adverse action," was unjustified by legitimate penological goals, or was improperly motivated by an intent to chill plaintiff's speech or punish him for his 602s and other advocacy regarding accessibility.  Accordingly, plaintiff has not stated a claim for retaliation in violation of his First Amendment rights.

The previous screening order informed plaintiff of the deficiency of this claim, ECF No. 10, but the FAC continues to allege retaliatory intent in purely conclusory terms.  This is insufficient to state a claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678, 679 (2009).  Because the FAC lacks facts showing that plaintiff's transfer was motivated by hostility to his exercise of First Amendment rights, this claim cannot proceed.

C.  Claim Three

Claim Three alleges violation of plaintiff's equal protection rights.  The Equal Protection Clause requires the State to treat all similarly situated people equally.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  Plaintiff does not allege discrimination on the basis of membership in a protected class, see Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), and in any case "[t]he physically disabled are not a protected class for purposes of equal protection under the Fourteenth Amendment," Gamble v. City of Escondido, 104 F.3d 300, 307

1   (9th Cir. 1997).  Rather, the FAC—like the original complaint—appears to rely on a "class of

2   one" theory.  Plaintiff alleges that he was treated differently than "similarly situated class of one

3   inmates."  ECF No. 15 at 18.

4         To state a claim under a "class of one" theory, plaintiff must allege facts showing "that

5   [he] has been intentionally treated differently from others similarly situated and that there is no

6   rational basis for the difference in treatment."  Village of Willowbrook v. Olech, 528 U.S. 562,

7   564 (2000).  "Similarly situated" persons are those "who are in all relevant respects alike."

8   Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).  Plaintiff has made only vague and conclusory

9   allegations that he was treated differently than other similarly situated individuals, and that the

10   difference in treatment lacked a rational basis.  ECF No. 15 at 18-19.  He suggests that he was

11   disallowed accommodations of a type that were provided to other, unspecified inmates with

12   unspecified but substantially similar disabilities.  Id.; see also id. at 11-13, ¶¶ 39, 42, 45, 49, 53,

13   57 (all alleging in conclusory terms that other "similarly situated class of one inmates" were

14   granted "equal access to state rights [provided by CCR Title 15 3084.1").  The FAC does not,

15   however, identify any similarly situated inmates or substantially similar accommodation requests

16   that were granted.

17         Without facts showing that other individuals who were in all relevant respects like

18   plaintiff were treated more favorably, without a rational basis, the complaint does not state a

19   claim for relief on equal protection grounds.  Plaintiff was previously informed of this problem,

20   but the FAC does not provide any additional facts.

21        V.    Further Leave to Amend Is Not Warranted

22         Leave to amend need not be granted when amendment would be futile.  Hartmann v.

23   CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  Because liability for discrimination under the ADA

24   does not lie against prison officials in their personal capacity, Lovell, 303 F.3d at 1052, plaintiff

25   cannot state an ADA claim against any defendants other than M. Starr in his official capacity.  As

26   for plaintiff's retaliation and equal protection claims, the FAC adds no facts that address the

27   pleading defects that were identified in the previous screening order.  Past failure to cure

28   deficiencies supports the denial of further leave to amend.  See Foman v. Davis, 371 U.S. 178,

182 (1962).  Because plaintiff has presented no facts to establish retaliatory motive on Claim Two

or differential treatment in Claim Three, despite being invited to do so, the undersigned concludes

that further amendment would be futile.

VI.    Plain Language Summary of this Order for a Pro Se Litigant

The magistrate judge is recommending that your case go forward on your ADA claim

against defendant Starr in his official capacity only.  This amounts to a claim for damages against

the prison itself, for discriminating against you and/or acting with deliberate indifference to your

need for disability accommodations.  Even if the other individuals you have named are dismissed

as defendants, their conduct can be considered in evaluating whether the prison respected your

rights under the ADA.

CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  This case proceed on Claim One of the First Amended Complaint only, against M.

Starr in his official capacity only; and

2.  Claims Two and Three of the First Amended Complaint, and all defendants other than

M. Starr in his official capacity, be dismissed.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

days after being served with these findings and recommendations, plaintiff may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 21, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7