UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE, | No. 2:20-cv-2072 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| M. STARR, et al., | |
| Defendants. | |

Plaintiff has requested the appointment of counsel. ECF No. 26. In support of the motion, plaintiff states in part that he suffers from a number of physical disabilities and conditions that cause severe pain; that the pain in his arms and hands increase when writing; that his request for a laptop or word processor is not likely to be granted; that his access to the prison law library and to legal materials is limited; and that he cannot afford to hire an attorney. Id. at 1-4.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

On July 6, 2022, proceedings in this matter were stayed for 120 days pending settlement negotiations, and the thirty-day period within which the parties may opt out of the ADR Project Program is still open. See generally ECF No. 25. Because it is unclear whether the case will proceed to litigation, the motion is premature. Moreover, plaintiff has thus far submitted documents that are clearly written and well-reasoned (see ECF Nos. 1, 2, 8, 9, 15), suggesting that his physical ailments have not sufficiently impacted his ability to manage this matter that the appointment of counsel is warranted. See, e.g., Palmer v. Valdez, 560 F. 3d 965, 970 (9th Cir. 2009) (finding district court's determination that plaintiff had done "quite a good job" of putting on case established that it had not abused discretion by denying appointment of counsel). Finally, plaintiff's inability to afford counsel is not an extraordinary circumstance.

For these reasons, the court does not find the required exceptional circumstances at this time. See Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding court was within its discretion when it denied appointment of counsel to sixty-year-old appellant proceeding in forma pauperis with no background in law who thoroughly presented issues in petition). Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 26) is DENIED.

DATED: July 21, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE