UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE,<br><br>    Plaintiff,<br><br>    v.<br><br>M. STARR, et al.,<br><br>    Defendants. | No. 2:20-cv-02072-DAD-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 38, 44) |

Plaintiff Moriano Millare is a former state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 27, 2024, the assigned magistrate judge issued findings and recommendations recommending that defendant Starr's motion for summary judgment (Doc. No. 38) be granted in part and denied in part.  (Doc. No. 44.)  Specifically, based upon the evidence submitted by the parties on summary judgment showing that plaintiff is no longer housed at the Duel Vocational Institution ("DVI") and that the DVI is now closed, the magistrate judge concluded that defendant Starr was entitled to summary judgment in his favor as to plaintiff's claim for declaratory and injunctive relief.  (*Id*. at 16–17.)  Further, the magistrate judge concluded that defendant Starr was not entitled to summary judgment in his favor as to plaintiff's claim for damages brought under the Americans with Disabilities Act ("ADA").  (*Id*. at 10–16.)

1

1    As to this claim, the magistrate judge noted that defendant Starr "effectively concede[d] that the
2    accommodation provided to plaintiff was unreasonable" as he admits that the accommodation of
3    moving the public speaking course at Delta College from a room on the second floor of the
4    prison, which plaintiff could not access due to his disability status, to the gymnasium, which still
5    required the use of stairs, was inadequate. (*Id*. at 13–14.)  As to whether defendant Starr acted
6    appropriately and conducted an adequate fact-specific inquiry into what would constitute a
7    reasonable accommodation for plaintiff, the magistrate judge found that a triable issue of material
8    fact existed, because although defendant Starr produced evidence on summary judgment that a
9    meeting took place to review plaintiff's request, "no evidence about how the decision was made
10   to move the Public Speaking course to the gymnasium, or how this move would accommodate
11   plaintiff specifically" had been presented. (*Id*. at 14.)

12   Those findings and recommendations were served on the parties and contained notice that
13   any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 17.)  No
14   objections have been filed, and the time in which to do so has now passed.

15   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the
16   court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the
17   court concludes that the findings and recommendations are supported by the record and proper
18   analysis.

19   Accordingly:
20   1.   The findings and recommendations issued on September 27, 2024 (Doc. No. 44)
21        are adopted;
22   2.   Defendant Starr's motion for summary judgment in his favor (Doc. No. 38) is
23        granted as to plaintiff's claim for declaratory and injunctive relief and denied as to
24        plaintiff's damages claim for disability discrimination under the ADA; and
25   /////
26   /////
27   /////
28   /////

3. This action is referred back to the assigned magistrate judge for further proceedings including the issuance of a Final Pretrial Order.

IT IS SO ORDERED.

Dated: **December 21, 2024**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE