UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIANO MILLARE, | No. 2:20-cv-2072 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| M. STARR, et al., | |
| Defendants. | |

     Plaintiff is a former state prisoner proceeding without an attorney in this action brought under 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for appointment of counsel and requests for copies and to postpone the settlement conference. ECF No. 52. For the reasons stated below, plaintiff's requests and motion are denied.

     Plaintiff requests that the court appoint counsel because he is uncertain whether he will reside in Northern or Southern California at the time of the settlement conference, and because appointment of counsel will prevent unnecessary delays in this case, provide for effective communications between the parties and the court, increase the probability of plaintiff's rights being protected, and help facilitate a prompt and fair resolution of this case. ECF No. 52. District courts, however, lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Instead, in exceptional circumstances, the court may request an attorney to voluntarily represent such a

plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time and will therefore deny plaintiff's motion without prejudice to renewal if the case does not settle.

Plaintiff's request for copies of "the complaint and exhibits and plaintiff's opposition to defendants['] motion for summary judgment," ECF No. 52 at 5, will be denied.  The complaint, including exhibits, is 59 pages and plaintiff's opposition to defendants' motion for summary judgment, including all related opposition documents, is 100 pages.  The court will not provide courtesy copies of almost 160 pages.  Plaintiff is advised that he may requests copies from the Clerk's office at his own expense.

Lastly, plaintiff's request to postpone the settlement conference scheduled for March 21, 2025, is duplicative of a request filed a few days earlier, and subsequently granted.  See ECF Nos. 51-53.  Because the court has already granted the earlier request and has reset the settlement conference to May 16, 2025, the court denies plaintiff's request as moot.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to appoint counsel (ECF No. 52) is denied without prejudice to renewal if the case does not settle. Plaintiff's requests for copies and postponement of the settlement conference are denied.

DATED:  March 21, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE